RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/15/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ALVIN RAY JOSEPH      CIVIL ACTION NO. 12-1799; SEC.P

VERSUS      JUDGE JAMES T. TRIMBLE, JR.

DR. McVEA      MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis by pro se plaintiff Alvin Ray Joseph. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is currently incarcerated at Avoyelles Correctional Center in Cottonport, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTS & BACKGROUND

Plaintiff alleges that on January 17, 2012, while he was on a medical "call out", Dr. McVea put his hand on Plaintiff's buttocks. McVea threatened bodily harm if Plaintiff told anyone. In addition to McVea, Plaintiff names as defendants LPN Haley, Travis Dauzat LPN, and Casey McVea RN. However, Plaintiff presents no factual allegations involving those individuals.

### Law and Analysis

Plaintiff complains of sexual assault and harassment by Dr. McVea. Sexual abuse of a prisoner by prison officials may, under some circumstances, violate the prisoner's right to be free of

cruel and unusual punishment under the Eighth Amendment. <u>See</u> <u>Boddie v. Schnieder</u>, 105 F.3d 857, 860-61 (2d Cir. 1997). A two-part test determines whether a prisoner has established a violation of the Eighth Amendment. <u>See</u> <u>Harper v. Showers</u>, 174 F.3d 716, 719-720 (5th Cir. 1999)(citations omitted). First, the sexual abuse or assault must be **objectively sufficiently serious**; second, the prison officials involved must have acted with **deliberate indifference**, i.e., **a sufficiently culpable state of mind**. <u>See</u> <u>Boddie</u>, 105 F.3d at 861; <u>Harper</u>, 174 F.3d at 719-720; <u>Copeland v. Nunan</u>, 250 F.3d 743 (5th Cir. 2001). **Not every incident of sexual abuse will meet this test.** Only "severe or repetitive" sexual abuse rises to the level of an Eighth Amendment violation. <u>See</u> <u>Boddie</u>, 105 F.3d at 861.

Plaintiff has not provided allegations that would satisfy the elements of the test. Plaintiff complains that, on one occasion, the doctor "touched my back side" [Doc. #5] or "grabbed my buttock" [Doc. #1]. The conduct he complains of does not constitute the kind of "severe and repetitive" abuse or wanton and sadistic infliction of pain that rises to the level of an Eighth Amendment violation. Plaintiff's allegations are similar to the type of conduct that has been held insufficient to establish an Eighth Amendment violation. <u>See</u>, <u>e.g.</u>, <u>Copeland v. Nunan</u>, No. 00-20063, 2001 WL 274738, 2 (5th Cir. 2001); <u>Boddie</u>, 105 F.3d 857 (verbal harassment and fondling of inmate's genitals by prison guard,

2

though despicable, not sufficiently serious to establish Eighth Amendment violation); Berryhill v. Schriro, 137 F.3d 1073 (8th Cir. 1998) (touching of inmate's buttocks by prison employees, though inappropriate and sanctioned by prison, does not violate the Eighth Amendment); Nelson v. Michalko, 35 F.Supp.2d 289 (W.D.N.Y.1999) (use of hand-held metal detector to touch inmate's "anal area" during lawful frisk does not violate Eighth Amendment).

Additionally, 42 U.S.C. § 1997e bars prisoners from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596 (1998). The "physical injury" required by § 1997e(e) must be more than de minimis but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)). Plaintiff has not alleged any physical injury.

Moreover, verbal threats do not state a claim under Section 1983. See McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983)("[A]s a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.'" cert. denied, 464 U.S. 998 (1983).

Simply put, Plaintiff has not alleged the kind of "severe and repetitive" abuse or wanton and sadistic infliction of pain that

3

rises to the level of an Eighth Amendment violation.[1] He has not stated a constitutional claim against any of the defendants.

## CONCLUSION

Therefore, it is **RECOMMENDED** that Plaintiff's claims be **DENIED and DISMISSED with prejudice as frivolous and for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b).**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by

---

[1] *Cf. e.g.*, Schwenk v. Hartford, 204 F.3d 1187 (9th Cir. 1999) (repeated requests for oral sex and attempted rape of inmate by prison guard may establish Eighth Amendment claim); U.S. v. Walsh, 194 F.3d 37 (2d Cir. 1999)(officer who repeatedly steps on inmate's penis to wantonly inflict pain violates inmate's right to be free of cruel and unusual punishment); Berry v. Oswalt, 143 F.3d 1127 (8th Cir. 1998)(rape and harassment of inmate, including propositions, sexual comments, and attempts to perform nonroutine pat-downs violated inmate's Eighth Amendment right to be free from cruel and unusual punishment).

4

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 15th day of November, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE